## No. 852.

### SARAH B. HILL vs. JULIA MEYER.

Where a common author has sold two adjoining town lots with buildings thereon, and the dimensions of the lot first sold are expressed as a given number of feet on a street, and it turns out that if the lot is restricted to that measurement the division line will run through the house; and where the description of the adjoining property in the subsequent sale refers to the previous deed, it will be held that the house constitutes a fixed boundary, and that the first deed intends a larger frontage than it expresses and sufficient to include the house.

APPEAL from the District Court for Caddo. BOARMAN, J.

*J. W. Jones* for Plaintiff *Land & Taylor* for Defendant.

The action is for the recovery of a part of a town lot and of a structure thereon.   E. C. Hart owned four lots numbered 13 to 16 inclusive in square 38 of the town of Shreveport, having an aggregate front of 160 feet on Caddo Street by a depth of 150 feet along Market Street to an alley parallel with Caddo Street.   The lots were laid out to front on Caddo Street, but when the owner built on them the buildings were made to face Market Street.   Three dwelling houses were thus erected on them in 1848.

In 1850 Hart sold to Crooks that part of these lots which bounded the alley, and described the part sold as having a front on Market Street of fifty feet, and running back parallel with the alley 160 feet across the four lots, with the dwelling and other improvements upon that part.   Crooks went into possession at once, and built a division fence between his and the adjoining lot at the dividing line, as he understood it.   Until then the four lots were in one common inclosure.

In 1855 Hart sold the remainder of the property to Hodge, describing it as these four lots, except that part already sold to Crooks, referring to Crooks' deed and reciting the measurements as therein stated.   Shortly afterwards Hodge sold to Marks that part which adjoined Crooks.

The plaintiff derives title from Marks — the defendant from Crooks, and the plaintiff's deed overlaps the division fence of Crooks' lot 10.60 feet, and takes in 4.70 feet of the Crooks house. The defendant and her authors have possessed under Hart from 1850 to 1875 without dispute.   Her lot as inclosed has really a front on Market Street of 60.60 feet instead of 50 feet.

After stating the case,

SPENCER, J.   The sole question, therefore, is what did Crooks acquire by the deed from Hart in 1850.   Plaintiff contends and the judge a quo decided that by said deed, Crook only acquired fifty feet front on Market Street measuring "from the alley" — that he acquired by said deed only a lot of ground, fifty feet on Market by 160 in depth along, and parallel to the alley.   If we attend only to the measurements, this is certainly the quantity of land that he acquired.   But we think that the recitals of that deed, and the subsequent acts of the parties, established beyond doubt that they

understood and intended that the lot sold should embrace the dwelling house, which at that time was manifestly a most important element in the value of the thing sold. It is not credible that Hart intended to sell, and Crooks to buy, a house which encroached 4.70 feet on other property owned by the vendor. The designation in the deed that Hart sold the building, makes of it a fixed boundary, "which will control the quantity." Blanc *v.* Duplessis, 13 L. 334. Hart continued to own the balance of the property for five years after this sale; he delivered possession of the premises, including the house, to Crooks. Crooks' possession of the house under that deed was open and notorious, and was conferred upon him by Hart, who in his deed to Hodge declares he has sold to Crooks the lot, "with the improvements."

We think that the plaintiff, as would have been her author Hart, is estopped from disputing defendant's title as embracing the building. That said title, when all its parts and clauses are construed together and interpreted by the actions and conduct of the parties, includes the whole of said building and that the lot sold to Crooks and now held by defendant, must be held to have 54.70 feet front on Market Street so as to embrace within its limits the dwelling.

This embraces all that defendant's title by its terms and recitals necessarily includes, and they have not acquired title by prescription to the remaining 5.90 feet in contest, since their title does not embrace it, and they have not possessed for thirty years.

*Judgment amended accordingly.*